IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JOSE CRUZ-BANEGAS,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255<br><br><br><br>Civil Case No. 2:11-CV-1024 TS<br><br>Criminal Case No. 2:10-CR-724 TS |

This matter is before the Court on Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  For the reasons discussed below, the Court will deny Petitioner's Motion.

I.  BACKGROUND

On August 17, 2010, Petitioner was charged in a felony information with reentry of a previously removed alien in violation of 8 U.S.C. § 1326.  Petitioner pleaded guilty on November 16, 2010, and was sentenced to 33 months imprisonment.  Judgment was entered on November 18, 2010.

1

Petitioner timely appealed his conviction. On appeal, Petitioner argued that the Court's failure to personally advise him of the rights he would forfeit by pleading guilty required reversal. The Tenth Circuit rejected Petitioner's argument, affirming his conviction and sentence on August 15, 2011. Petitioner timely filed his § 2255 Motion on November 7, 2011.

## II.  DISCUSSION

Petitioner raises four arguments in his Motion: (1) that he could not have been removed from the United States as alleged in the Information; (2) that he received ineffective assistance of counsel; (3) that he was not sufficiently informed of his Constitutional rights; and (4) that reversal is required because the Court violated "basic fundamental liberties."

A.    CLAIM ONE

Petitioner first argues that he could not have been deported on the date alleged in the Information because he was in state custody. This argument appears to stem from a discrepancy between the Information and the facts presented at the change of plea hearing.

The Information charges that Petitioner was removed on or about April 16, 2010, and was found in the United states on or about May 28, 2010. However, at the change of plea hearing, Petitioner stated that he had been removed on April 16, 2009, and was found in the United States on October 2, 2009.[1] Petitioner admitted that he was previously removed, that he knowingly reentered the United States, and that he did so without the necessary permission.[2] The Statement

---

[1] Docket No. 22, at 15-17.

[2] *Id.*

in Advance of Plea was amended to reflect the new dates admitted to by Petitioner[3] and Petitioner was subsequently adjudicated as guilty. Petitioner did not raise any argument concerning the dates in the Information on direct appeal.

The Supreme Court has ruled that because "a final judgment commands respect," it has "long and consistently affirmed that a collateral challenge may not do service for an appeal."[4] Generally, the Tenth Circuit has held that § 2255 cannot be used to test the legality of matters which should have been raised on appeal.[5] Further, if an issue is not raised on direct appeal, the defendant "is barred from raising the issue in a § 2255 motion proceeding, unless he establishes either cause excusing the procedural default and prejudice resulting [from] the error or a fundamental miscarriage of justice [if] the claim is not considered."[6]

Here, Petitioner could have raised this issue on appeal and Petitioner has not presented evidence to establish cause and prejudice or a fundamental miscarriage of justice to excuse the procedural default. Even considering the merits of the argument, it fails. A court may amend the date in a charging document so long as the date is not an essential element of the offense charged.[7] The exact date of deportation is not an essential element of 8 U.S.C. § 1326.[8]

---

[3] Docket No. 16, at 8.

[4] *United States v. Frady*, 456 U.S. 152, 165 (1982).

[5] *United States v. Khan*, 835 F.2d 749, 753 (10th Cir. 1987); *United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).

[6] *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996); *see also Frady*, 456 U.S. at 167-68.

[7] *United States v. Gammill*, 421 F.2d 185, 186 (10th Cir. 1970) ("A defective allegation of time is a matter of form if time is not an essential element of the offense and if the indictment

Therefore, the fact that the Information contained different dates than Petitioner ultimately admitted does not entitle Petitioner to relief.

B.     CLAIM TWO

Petitioner argues that his trial counsel was ineffective because the Court informed Petitioner that he could not be sentenced because there was not enough evidence, but Petitioner's counsel told the Court to sentence Petitioner anyway "so we can get over with this case."[9] Petitioner further states that counsel was supposed to help, but did not adequately explain the law or how the American judicial system works.

The Supreme Court has set forth a two-pronged test to guide the Court in making a determination of ineffectiveness of counsel. "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[10]  A Court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[11]  In addition, in evaluating counsel's performance, the focus is not what is prudent or appropriate, but only what is constitutionally

---

charges facts showing that the offense was committed within the period of the statute of limitations.").

[8]*United States v. Cruz*, 189 F. App'x 725, 727 (10th Cir. 2006).

[9]Docket No. 1, at 5.

[10]*United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington,* 466 U.S. 668 (1984)).

[11]*Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

compelled.[12]  Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[13]

Reviewing Petitioner's claims, the Court finds that he has not met either prong of the *Strickland* test.  There is no evidence to support Petitioner's contention that the Court informed him that he could not be sentenced because there was not enough evidence and that counsel told the Court to sentence him anyway.  Rather, the record shows that counsel made an eloquent argument in support of his request for a below guideline sentence.  Counsel pointed out that Petitioner wanted to return to his family as quickly as possible and that Petitioner had already been in state custody for almost a year, time for which he would not receive credit against his federal sentence.  Therefore, the Court cannot find deficient performance on this claim.

Petitioner also complains that counsel did not sufficiently explain the judicial system. However, it is clear that the rights available to Petitioner were contained in the plea agreement. These rights were reviewed at the change of plea hearing, with the aid of an interpreter, and Petitioner indicated that he understood them.  Therefore, there is no merit to this claim.  Further, Petitioner has failed to show how he has been prejudiced by counsel's alleged failures. Therefore, the Court must reject Petitioner's second claim.

C.   CLAIM THREE

Petitioner's third argument is that he was not sufficiently informed of his Constitutional rights and that he would not have pleaded guilty had he known these rights.

---

[12] *United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[13] *United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

Petitioner made this same argument on appeal. Petitioner argued that the Court did not sufficiently advise him of the rights he would be giving up by pleading guilty. Petitioner asserted that he would not have pleaded guilty had he understood these rights. The Tenth Circuit rejected this argument, stating that there was no evidence that Petitioner would not have pleaded guilty had the Court personally advised him of his rights and that he was informed of these rights in the plea agreement.

"An issue disposed of on direct appeal will generally not be reconsidered on a collateral attack by a motion pursuant to 28 U.S.C. § 2255. However, a motion under Section 2255 may be proper when there was been an intervening change in the law of a circuit."[14]

As stated, the Tenth Circuit addressed the argument now raised by Petitioner in Claim Three. Petitioner has pointed to no intervening change in the law of the Tenth Circuit. Therefore, this claim is procedurally barred.

D.   CLAIM FOUR

Petitioner's final argument is that reversal is required because the Court violated "basic fundamental liberties." Petitioner does not identify what "basic fundamental liberties" the Court violated. Therefore, the Court must reject this conclusory argument. Further, to the extent this argument relies on Petitioner's other claims, it fails for the same reasons set forth above.

---

[14] *United States v. Nolan*, 571 F.2d 528, 530 (10th Cir. 1978) (internal citations omitted). *See also United States v. Prichard*, 975 F.2d 789, 791 (10th Cir. 1989) ("Absent an intervening change in the law of a circuit, issues disposed of on direct appeal generally will not be considered on a collateral attack by a motion pursuant to § 2255.").

Case 2:11-cv-01024-TS   Document 6   Filed 10/02/12   Page 7 of 7

## III.  CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner's § 2255 Motion (Docket No. 1 in Case No. 2:11-CV-1024 TS) is DENIED for the reasons set forth above.  It is further

ORDERED that, pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, an evidentiary hearing is not required.  It is further

ORDERED, that pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the Court DENIES Petitioner a certificate of appealability.

The Clerk of Court is directed to close Case No. 2:11-CV-1024 TS forthwith.

DATED   October 2, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge